Norik **KHUDAVERDYAN**; Emma Panosyan; Vahe Khudaverdyan, Petitioners,

v.

Michael B. **MUKASEY**,\* Attorney General, Respondent.

No. 04–76018.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 10, 2008.

---

\* Michael B. Mukasey is substituted as the current Attorney General of the United States pursuant to Fed. R.App. P. 43(c)(2).

Sara Bedirian, Beverly Hills, CA, for Petitioners.

NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, Margot L. Nadel, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Norik Khudaverdyan ("Khudaverdyan"), his wife Emma Panosyan ("Panosyan"), and their son, Vahe Khudaverdyan, seek review of the Board of Immigration Appeals' decision denying their claims for asylum, withholding of removal and protection under the Convention Against Torture ("CAT").

---

** This disposition is not appropriate for publication and is not precedent except as provid-

■ Although the Immigration Judge ("IJ") identified several minor inconsistencies in the petitioners' testimony which did not go to the heart of their claim for asylum, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), the IJ also noted discrepancies between Panosyan's and Khudaverdyan's description of the most significant encounter with police, as well as discrepancies between Khudaverdyan's testimony and his asylum declaration, which omitted any reference to police encounters and threats prior to the December 22, 1998, event. *See id.* (discrepancy between testimony and affidavit about number of times arrested is significant and goes to heart of claim).

The IJ also doubted petitioners were sincere in their purported adherence to the Jehovah's Witness faith, the basis of their claim for asylum, because of inconsistencies about Khudaverdyan's baptism and because neither Panosyan or Khudaverdyan could accurately or consistently describe the observance date of the only religious holiday celebrated and described by the faith as the Memorial of Christ's Death. This record does not compel the conclusion that Khudaverdyan and Panosyan were credible.

■ Moreover, the IJ also found that, even accepting the testimony as true, Khudaverdyan failed to show past persecution. He was briefly detained and hit by Armenian police officers on one occasion, and no harm came to any other member of his family. Again, given the standard of review, we cannot say that the record compels a contrary conclusion. *See Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995).

■ Substantial evidence also supports the agency's finding that Khudaverdyan

ed by Ninth Circuit Rule 36–3.

does not have a well-founded fear of future persecution. As Khudaverdyan is unable to meet his burden of proof for asylum, he necessarily fails to meet the higher burden for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

 Substantial evidence supports the agency's denial of relief under CAT because Khudaverdyan did not establish that it was more likely than not that he would be tortured if returned to Armenia. *See Zheng v. Ashcroft,* 332 F.3d 1186, 1193 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.